UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

ANDREA LOUNDS, as mother and natural
guardian of infant D.E.,

                               Plaintiff,

                  -against-

CITY OF NEW YORK; Police Officer
LORRAINE FUENTES, Shield No. 009878; and
JOHN and JANE DOE 1 through 10,

                             Defendants.

----------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

17 CV 5511

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State and New York City claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff Andrea Lounds, as mother and natural guardian of infant D.E., is a resident of the State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Police Officer Lorraine Fuentes, Shield No. 009878 ("Fuentes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fuentes is sued in her individual and official capacities.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 1:45 p.m. on May 10, 2016, the infant D.E. was a passenger inside of a Metropolitan Transit Authority bus traveling in the Bronx on her way home from school.

14.     Upon information and belief, an altercation involving passengers unknown to plaintiff caused the bus driver to stop the bus in the area of Castle Avenue and Bruckner Boulevard in the Bronx.

15.     Police officers arrived at the scene and ordered the passengers, many of them believed to be high school students, from the bus.

16.     Defendant officers began violently pulling the students from the bus.

17.     Suddenly and for no reason, defendant Fuentes grabbed D.E., a tenth-grader who had done nothing wrong, by her hair and dragged her from the bus.

18.     Videotaped footage of the events reveals that after D.E. was dragged off

the bus, defendant Fuentes grabbed D.E. by her hair and slammed her head against the concrete.

19.     Defendants possessed neither reasonable suspicion nor probable cause to arrest D.E., let alone any cause to brutalize her.

20.     Plaintiff, who had never before been arrested, was eventually taken to the 43rd precinct in tight handcuffs.

21.     At the precinct, defendants falsely informed employees of the Bronx County District Attorney's Office that they had observed plaintiff commit various offenses, including felony assault.

22.      At no point did the officers ever observe D.E. commit any crime or offense.

23.     Defendants from the 43rd precinct never contacted plaintiff's mother, Andrea Lounds, to inform her that D.E. had been arrested and was in custody.

24.     After learning of her daughter's arrest from a family friend, Ms. Lounds went to the precinct.

25.     At the precinct, Ms. Lounds was given no information about her child and was treated rudely and dismissively by defendant officers.

26.     After spending hours in a filthy cell with an adult prisoner, and having had no contact with her family, D.E. was eventually taken to Central Booking.

27.     D.E. was arraigned in Bronx County Criminal Court and was released on her own recognizance after approximately twenty-four hours in custody.

28.     Following her release from custody, D.E.'s family brought her to New York-Presbyterian Hospital/Lawrence Hospital for treatment of her injuries which included abrasions and pain to her scalp where her hair had been ripped out, pain to her neck, back and wrists, along with headaches and dizziness.

29.     D.E., who missed several days of school, also suffered symptoms including tearfulness, nervousness and lack of appetite following the incident.

30.     All charges against D.E. were subsequently dismissed.

31.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

32.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

33.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34.     D.E. suffered damage as a result of defendants' actions. D.E. was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
## Unlawful Stop and Search

35.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched D.E. without reasonable suspicion.

37.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
## False Arrest

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    Defendants violated the Fourth and Fourteenth Amendments because they arrested D.E. without probable cause.

40.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## State Law False Imprisonment and False Arrest

41.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

-6-

42.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting D.E..

43.     D.E. was conscious of her confinement.

44.     D.E. did not consent to her confinement.

45.     D.E.'s confinement was not otherwise privileged.

46.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of D.E.'s constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

50.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive D.E. of her constitutional rights. The prosecution by defendants of D.E. constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in D.E.'s favor.

51.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FIFTH CLAIM
### State Law Malicious Prosecution

52.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.    By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

54.    Defendants maliciously commenced criminal proceeding against D.E., charging her with assault, obstructing governmental administration, menacing and harassment.

55.    Defendants falsely and without probable cause charged D.E. with violations of the laws of the State of New York.

56.    The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

57.    All charges were terminated in D.E.'s favor.

58.    Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

<u>SIXTH CLAIM</u>
Unreasonable Force

60.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on D.E.

62.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### State Law Assault and Battery

63.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered D.E.

65.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

66.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
### Denial of Constitutional Right to Fair Trial

67.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68.     The individual defendants created false evidence against D.E..

69.     The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

70.   In creating false evidence against D.E., and in forwarding false information to prosecutors, the individual defendants violated D.E.'s right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

71.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

NINTH CLAIM
Malicious Abuse of Process

72.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73.   The individual defendants issued legal process to place D.E. under arrest.

74.   The individual defendants arrested D.E. in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of her.

75.   The individual defendants acted with intent to do harm to D.E. without excuse or justification.

76.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Hiring, Training & Retention

77.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

78.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to D.E. or to those in a like situation would probably result from the foregoing conduct.

79.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

80.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

81.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

82.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Intentional Infliction of Emotional Distress

83.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84.   By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon D.E.

85.   The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

86.   Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

87.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Negligent Infliction of Emotional Distress

88.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

89.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon D.E.

90.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

91.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

92.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CLAIM
### Failure to Intervene

93.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

94.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

95.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

96.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      July 20, 2017
            New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*