UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ANDREA LOUNDS, as mother and natural guardian of
infant D.E.,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer LORRAINE
FUENTES, Shield No. 009878; and JOHN and JANE DOE
1 through 10,

                                        Defendants.

-------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANTS CITY OF
NEW YORK AND POLICE
OFFICER LORRAINE
FUENTES**

17 CV 5511 (KBF)

Jury Trial Demanded

             Defendants City of New York and Police Officer Lorraine Fuentes, by their

attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to

the complaint, respectfully allege, upon information and belief, as follows:

             1.       Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

             2.       Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

             3.       Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to invoke the Court's jurisdiction and supplemental jurisdiction as

stated therein.

             4.       Deny the allegations set forth in paragraph "4" of the complaint, except

admit that plaintiff purports to base venue in this District as stated therein.

             5.       Deny the allegations set forth in paragraph "5" of the complaint, except

admit that plaintiff purports to invoke supplemental jurisdiction as stated therein.

6.      Paragraph "6" of the complaint is a demand for a jury trial to which no response is required.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the duties and responsibilities of the New York City Police Department.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that Police Officer Lorraine Fuentes was employed by the New York City Police Department on or around May 10, 2016.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that D.E. was a passenger inside of a Metropolitan Transit Authority ("MTA") bus at approximately 1:45 p.m. on May 10, 2016.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that an altercation occurred on an MTA bus in the area of Castle Avenue and Bruckner Boulevard in the Bronx.

15.     Deny the allegations set forth in paragraph "15" of the complaint, except admit that Officer Fuentes and other officers conducted an investigation into an altercation that occurred, and ordered some individuals to exit the bus.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint, except deny knowledge or information sufficient to form a belief as to whether D.E. has never before been arrested.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit that Andrea Lounds went to the 43rd Precinct.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint, except admit that D.E. was transported to Central Booking.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint, except admit that D.E. went to New York Presbyterian/Lawrence Hospital on or around May 11, 2016.

29.     Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the New York City Comptroller on or about August 5, 2016.

32.     Deny the allegations set forth in paragraph "32" of the complaint, except admit that no payment has been made related to the purported Notice of Claim.

33.     Deny the allegations set forth in paragraph "33" of the complaint, except admit that this action was filed on July 20, 2017.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.      In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

53.      Deny the allegations set forth in paragraph "53" of the complaint.

54.      Deny the allegations set forth in paragraph "54" of the complaint.

55.      Deny the allegations set forth in paragraph "55" of the complaint.

56.      Deny the allegations set forth in paragraph "56" of the complaint.

57.      Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.      Deny the allegations set forth in paragraph "58" of the complaint.

59.      Deny the allegations set forth in paragraph "59" of the complaint.

60.      In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

61.      Deny the allegations set forth in paragraph "61" of the complaint.

62.      Deny the allegations set forth in paragraph "62" of the complaint.

63.      In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

64.      Deny the allegations set forth in paragraph "64" of the complaint.

65.      Deny the allegations set forth in paragraph "65" of the complaint.

66.      Deny the allegations set forth in paragraph "66" of the complaint.

67.     In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     In response to the allegations set forth in paragraph "77" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

78.     Deny the allegations set forth in paragraph "78" of the complaint.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     Deny the allegations set forth in paragraph "80" of the complaint.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     In response to the allegations set forth in paragraph "83" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

84.     Deny the allegations set forth in paragraph "84" of the complaint.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     Deny the allegations set forth in paragraph "86" of the complaint.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

88.     In response to the allegations set forth in paragraph "88" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

89.     Deny the allegations set forth in paragraph "89" of the complaint.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

92.     Deny the allegations set forth in paragraph "92" of the complaint.

93.     In response to the allegations set forth in paragraph "93" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

94.     Deny the allegations set forth in paragraph "94" of the complaint.

95.     Deny the allegations set forth in paragraph "95" of the complaint.

96.     Deny the allegations set forth in paragraph "96" of the complaint.

**FIRST AFFIRMATIVE DEFENSE:**

97.     The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

98.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

99.     Defendant Police Officer Lorraine Fuentes has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

100.     At all times relevant to the acts alleged in the complaint, defendant Police Officer Lorraine Fuentes acted reasonably in the proper and lawful exercise of her discretion. Therefore, she is entitled to immunity on state law claims.

**FIFTH AFFIRMATIVE DEFENSE:**

101.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

**SIXTH AFFIRMATIVE DEFENSE:**

102.     This action is barred in whole or in part by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE:**

103.     To the extent that the complaint alleges any claims arising under New York State law, such claims are barred, in whole or in part, by plaintiff's failure to comply with the requirements of N.Y. GEN. MUN. LAW § 50-(e), (h) or (i).

## EIGHTH AFFIRMATIVE DEFENSE:

104.    Plaintiff provoked any incident.

## NINTH AFFIRMATIVE DEFENSE:

105.    There was probable cause for plaintiff's arrest and detention.

## TENTH AFFIRMATIVE DEFENSE

106.    Punitive damages cannot be received against any defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## ELEVENTH AFFIRMATIVE DEFENSE

107.    Punitive damages cannot be awarded against Police Officer Lorraine Fuentes in her official capacity.

## TWELFTH AFFIRMATIVE DEFENSE

108.    Punitive damages cannot be awarded against the City of New York.


**WHEREFORE,** defendants City of New York and Police Officer Lorraine Fuentes request judgment dismissing the complaint in its entirety, together with the costs and

disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            October 12, 2017

                    ZACHARY W. CARTER
                    Corporation Counsel of the
                     City of New York
                    *Attorney for Defendants City of New York and*
                    *Police Officer Lorraine Fuentes*
                    100 Church Street, Room 3-201
                    New York, New York 10007
                    (212) 356-2409

                    By:           /s/
                    _____
                      GEOFFREY M. STANNARD
                      *Assistant Corporation Counsel*
                      Special Federal Litigation