UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ANDREA LOUNDS, as mother and natural guardian of
infant D.E.,

                                    Plaintiff,

                     -against-

CITY OF NEW YORK; Police Officer LORRAINE
FUENTES, Shield No. 009878; Police Officer DONALD
HOOK, Shield No. 2418; Sergeant PAUL TUOZZOLO,
Shield No. 870; Sergeant JOSE GARCIA, Shield No. 4936;
Police Officer ARIAS; and JOHN and JANE DOE 1
through 10,

                                Defendants.

-------------------------------------------------------------------- x

**ANSWER TO THE FIRST
AMENDED COMPLAINT ON
BEHALF OF DEFENDANTS
CITY OF NEW YORK AND
POLICE OFFICER
LORRAINE FUENTES**

17 CV 5511 (KBF)

Jury Trial Demanded

           Defendants City of New York and Police Officer Lorraine Fuentes, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

           1.      Deny the allegations set forth in paragraph "1" of the first amended complaint, except admit that plaintiff purports to proceed as stated therein.

           2.      Deny the allegations set forth in paragraph "2" of the first amended complaint, except admit that plaintiff purports to proceed as stated therein.

           3.      Deny the allegations set forth in paragraph "3" of the first amended complaint, except admit that plaintiff purports to invoke the Court's jurisdiction and supplemental jurisdiction as stated therein.

           4.      Deny the allegations set forth in paragraph "4" of the first amended complaint, except admit that plaintiff purports to base venue in this District as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the first amended complaint, except admit that plaintiff purports to invoke supplemental jurisdiction as stated therein.

6.      Paragraph "6" of the first amended complaint is a demand for a jury trial to which no response is required.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the first amended complaint.

8.      Deny the allegations set forth in paragraph "8" of the first amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the duties and responsibilities of  the New York City Police Department.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the first amended complaint, except admit that Police Officer Lorraine Fuentes was employed by the New York City Police Department on or around May 10, 2016.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the first amended complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the first amended complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the first amended complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the first amended complaint, except admit that D.E. was a passenger inside of a Metropolitan Transit Authority ("MTA") bus at approximately 1:45 p.m. on May 10, 2016.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the first amended complaint, except admit that an altercation occurred on an MTA bus in the area of Castle Avenue and Bruckner Boulevard in the Bronx.

15.     Deny the allegations set forth in paragraph "15" of the first amended complaint, except admit that Officer Fuentes and other officers conducted an investigation into an altercation that occurred, and ordered some individuals to exit the bus.

16.     Deny the allegations set forth in paragraph "16" of the first amended complaint.

17.     Deny the allegations set forth in paragraph "17" of the first amended complaint.

18.     Deny the allegations set forth in paragraph "18" of the first amended complaint.

19.     Deny the allegations set forth in paragraph "19" of the first amended complaint.

20.     Deny the allegations set forth in paragraph "20" of the first amended complaint, except deny knowledge or information sufficient to form a belief as to whether D.E. has never before been arrested.

21.     Deny the allegations set forth in paragraph "21" of the first amended complaint.

22.     Deny the allegations set forth in paragraph "22" of the first amended complaint.

23.     Deny the allegations set forth in paragraph "23" of the first amended complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the first amended complaint, except admit that Andrea Lounds went to the 43rd Precinct.

25.     Deny the allegations set forth in paragraph "25" of the first amended complaint.

26.     Deny the allegations set forth in paragraph "26" of the first amended complaint, except admit that D.E. was transported to Central Booking.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the first amended complaint.

28.     Deny the allegations set forth in paragraph "28" of the first amended complaint, except admit that D.E. went to New York Presbyterian/Lawrence Hospital on or around May 11, 2016.

29.     Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "29" of the first amended complaint.

30.     Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "30" of the first amended complaint.

31.     Deny the allegations set forth in paragraph "31" of the first amended complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the New York City Comptroller on or about August 5, 2016.

32.     Deny the allegations set forth in paragraph "32" of the first amended complaint, except admit that no payment has been made related to the purported Notice of Claim.

33.     Deny the allegations set forth in paragraph "33" of the first amended complaint, except admit that this action was filed on July 20, 2017.

34.     Deny the allegations set forth in paragraph "34" of the first amended complaint.

35.     In response to the allegations set forth in paragraph "35" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

36.     Deny the allegations set forth in paragraph "36" of the first amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the first amended complaint.

38.     In response to the allegations set forth in paragraph "38" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the first amended complaint.

40.      Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "40" of the first amended complaint.

41.      Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "41" of the first amended complaint.

42.      Deny the allegations set forth in paragraph "42" of the first amended complaint.

43.      Deny the allegations set forth in paragraph "43" of the first amended complaint.

44.      Deny the allegations set forth in paragraph "44" of the first amended complaint.

45.      In response to the allegations set forth in paragraph "45" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

46.      Deny the allegations set forth in paragraph "46" of the first amended complaint.

47.      Deny the allegations set forth in paragraph "47" of the first amended complaint.

48.      Deny the allegations set forth in paragraph "48" of the first amended complaint.

49.      In response to the allegations set forth in paragraph "49" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

50.     Deny the allegations set forth in paragraph "50" of the first amended complaint.

51.     Deny the allegations set forth in paragraph "51" of the first amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the first amended complaint.

53.     Deny the allegations set forth in paragraph "53" of the first amended complaint.

54.     Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "54" of the first amended complaint.

55.     Deny the allegations set forth in paragraph "55" of the first amended complaint.

56.     Deny the allegations set forth in paragraph "56" of the first amended complaint.

57.     In response to the allegations set forth in paragraph "57" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

58.     Deny the allegations set forth in paragraph "58" of the first amended complaint.

59.     Deny the allegations set forth in paragraph "59" of the first amended complaint.

60.     In response to the allegations set forth in paragraph "60" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

61.     Deny the allegations set forth in paragraph "61" of the first amended complaint.

62.     Deny the allegations set forth in paragraph "62" of the first amended complaint.

63.     Deny the allegations set forth in paragraph "63" of the first amended complaint.

64.     In response to the allegations set forth in paragraph "64" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

65.     Deny the allegations set forth in paragraph "65" of the first amended complaint.

66.     Deny the allegations set forth in paragraph "66" of the first amended complaint.

67.     Deny the allegations set forth in paragraph "67" of the first amended complaint.

68.     Deny the allegations set forth in paragraph "68" of the first amended complaint.

69.     In response to the allegations set forth in paragraph "69" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

- 8 -

70.     Deny the allegations set forth in paragraph "70" of the first amended complaint.

71.     Deny the allegations set forth in paragraph "71" of the first amended complaint.

72.     Deny the allegations set forth in paragraph "72" of the first amended complaint.

73.     Deny the allegations set forth in paragraph "73" of the first amended complaint.

74.     In response to the allegations set forth in paragraph "74" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

75.     Deny the allegations set forth in paragraph "75" of the first amended complaint.

76.     Deny the allegations set forth in paragraph "76" of the first amended complaint.

77.     Deny the allegations set forth in paragraph "77" of the first amended complaint.

78.     Deny the allegations set forth in paragraph "78" of the first amended complaint.

79.     Deny the allegations set forth in paragraph "79" of the first amended complaint.

80.    In response to the allegations set forth in paragraph "80" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

81.    Deny the allegations set forth in paragraph "81" of the first amended complaint.

82.    Deny the allegations set forth in paragraph "82" of the first amended complaint.

83.    Deny the allegations set forth in paragraph "83" of the first amended complaint.

84.    Deny the allegations set forth in paragraph "84" of the first amended complaint.

85.    In response to the allegations set forth in paragraph "85" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

86.    Deny the allegations set forth in paragraph "86" of the first amended complaint.

87.    Deny the allegations set forth in paragraph "87" of the first amended complaint.

88.    Deny the allegations set forth in paragraph "88" of the first amended complaint.

89.    Deny the allegations set forth in paragraph "89" of the first amended complaint.

90.     In response to the allegations set forth in paragraph "90" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

91.     Deny the allegations set forth in paragraph "91" of the first amended complaint.

92.     Deny the allegations set forth in paragraph "92" of the first amended complaint.

93.     Deny the allegations set forth in paragraph "93" of the first amended complaint.

94.     Deny the allegations set forth in paragraph "94" of the first amended complaint.

## FIRST AFFIRMATIVE DEFENSE:

95.     The first amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

96.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

97.     Defendant Police Officer Lorraine Fuentes has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

98.    At all times relevant to the acts alleged in the first amended complaint, defendant Police Officer Lorraine Fuentes acted reasonably in the proper and lawful exercise of her discretion. Therefore, she is entitled to immunity on state law claims.

**FIFTH AFFIRMATIVE DEFENSE:**

99.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

**SIXTH AFFIRMATIVE DEFENSE:**

100.    This action is barred in whole or in part by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE:**

101.    To the extent that the first amended complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, by plaintiff's failure to comply with the requirements of N.Y. GEN. MUN. LAW § 50-(e), (h) or (i).

**EIGHTH AFFIRMATIVE DEFENSE:**

102.    Plaintiff provoked any incident.

**NINTH AFFIRMATIVE DEFENSE:**

103.    There was probable cause for plaintiff's arrest and detention.

**TENTH AFFIRMATIVE DEFENSE**

104.    Punitive damages cannot be received against any defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

105.    Punitive damages cannot be awarded against Police Officer Lorraine Fuentes in her official capacity.

**TWELFTH AFFIRMATIVE DEFENSE**

106.    Punitive damages cannot be awarded against the City of New York.

**THIRTEENTH AFFIRMATIVE DEFENSE**

107.    At all times relevant to the acts alleged in the first amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

**WHEREFORE,** defendants City of New York and Police Officer Lorraine Fuentes request judgment dismissing the first amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            November 13, 2017

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for Defendants City of New York and*
                                    *Police Officer Lorraine Fuentes*
                                    100 Church Street, Room 3-201
                                    New York, New York 10007
                                    (212) 356-2409

                                    By:              /s/
                                    _____
                                    GEOFFREY M. STANNARD
                                    *Assistant Corporation Counsel*

- 13 -