UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANDREA LOUNDS, as mother and natural guardian of infant D.E.,

                               Plaintiff,

                 -against-

CITY OF NEW YORK; Police Officer LORRAINE FUENTES, Shield No. 009878; Police Officer DONALD HOOK, Shield No. 2418; Sergeant PAUL TUOZZOLO, Shield No. 870; Sergeant JOSE GARCIA, Shield No. 4936; Police Officer ARIAS; and JOHN and JANE DOE 1 through 10,

                           Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT POLICE OFFICER DONALD HOOK**

17 CV 5511 (KBF)

Jury Trial Demanded

        Defendant Police Officer Donald Hook, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the first amended complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the first amended complaint, except admits that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the first amended complaint, except admits that plaintiff purports to proceed as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the first amended complaint, except admits that plaintiff purports to invoke the Court's jurisdiction and supplemental jurisdiction as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the first amended complaint, except admits that plaintiff purports to base venue in this District as stated therein.

5.     Denies the allegations set forth in paragraph "5" of the first amended complaint, except admits that plaintiff purports to invoke supplemental jurisdiction as stated therein.

6.     Paragraph "6" of the first amended complaint is a demand for a jury trial to which no response is required.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the first amended complaint.

8.     Denies the allegations set forth in paragraph "8" of the first amended complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the duties and responsibilities of the New York City Police Department.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the first amended complaint, except admits that Police Officer Lorraine Fuentes, Sergeant Jose Garcia, and Police Officer Donald Hook were employed by the New York City Police Department on or around May 10, 2016.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the first amended complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the first amended complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the first amended complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the first amended complaint, except admits that D.E. was a passenger inside of a Metropolitan Transit Authority ("MTA") bus at approximately 1:45 p.m. on May 10, 2016.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the first amended complaint, except admits that an altercation occurred on an MTA bus in the area of Castle Avenue and Bruckner Boulevard in the Bronx.

15.     Denies the allegations set forth in paragraph "15" of the first amended complaint, except admits that Officer Fuentes and other officers conducted an investigation into an altercation that occurred, and ordered some individuals to exit the bus.

16.     Denies the allegations set forth in paragraph "16" of the first amended complaint.

17.     Denies the allegations set forth in paragraph "17" of the first amended complaint.

18.     Denies the allegations set forth in paragraph "18" of the first amended complaint.

19.     Denies the allegations set forth in paragraph "19" of the first amended complaint.

20.     Denies the allegations set forth in paragraph "20" of the first amended complaint, except denies knowledge or information sufficient to form a belief as to whether D.E. has never before been arrested.

21.     Denies the allegations set forth in paragraph "21" of the first amended complaint.

22.     Denies the allegations set forth in paragraph "22" of the first amended complaint.

23.     Denies the allegations set forth in paragraph "23" of the first amended complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the first amended complaint, except admits that Andrea Lounds went to the 43rd Precinct.

25.     Denies the allegations set forth in paragraph "25" of the first amended complaint.

26.     Denies the allegations set forth in paragraph "26" of the first amended complaint, except admits that D.E. was transported to Central Booking.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the first amended complaint.

28.     Denies the allegations set forth in paragraph "28" of the first amended complaint, except admits that D.E. went to New York Presbyterian/Lawrence Hospital on or around May 11, 2016.

29.     Denies knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "29" of the first amended complaint.

30.     Denies knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "30" of the first amended complaint.

31.     Denies the allegations set forth in paragraph "31" of the first amended complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the New York City Comptroller on or about August 5, 2016.

32.     Denies the allegations set forth in paragraph "32" of the first amended complaint, except admits that no payment has been made related to the purported Notice of Claim.

33.     Denies the allegations set forth in paragraph "33" of the first amended complaint, except admits that this action was filed on July 20, 2017.

34.     Denies the allegations set forth in paragraph "34" of the first amended complaint.

35.     In response to the allegations set forth in paragraph "35" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

36.     Denies the allegations set forth in paragraph "36" of the first amended complaint.

37.     Denies the allegations set forth in paragraph "37" of the first amended complaint.

38.     In response to the allegations set forth in paragraph "38" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

39.     Denies the allegations set forth in paragraph "39" of the first amended complaint.

40.     Denies knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "40" of the first amended complaint.

41.     Denies knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "41" of the first amended complaint.

42.     Denies the allegations set forth in paragraph "42" of the first amended complaint.

43.     Denies the allegations set forth in paragraph "43" of the first amended complaint.

44.     Denies the allegations set forth in paragraph "44" of the first amended complaint.

45.     In response to the allegations set forth in paragraph "45" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

46.     Denies the allegations set forth in paragraph "46" of the first amended complaint.

47.     Denies the allegations set forth in paragraph "47" of the first amended complaint.

48.     Denies the allegations set forth in paragraph "48" of the first amended complaint.

49.     In response to the allegations set forth in paragraph "49" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

50.     Denies the allegations set forth in paragraph "50" of the first amended complaint.

51.     Denies the allegations set forth in paragraph "51" of the first amended complaint.

52.     Denies the allegations set forth in paragraph "52" of the first amended complaint.

53.     Denies the allegations set forth in paragraph "53" of the first amended complaint.

54.     Denies knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "54" of the first amended complaint.

55.     Denies the allegations set forth in paragraph "55" of the first amended complaint.

56.     Denies the allegations set forth in paragraph "56" of the first amended complaint.

57.     In response to the allegations set forth in paragraph "57" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

58.     Denies the allegations set forth in paragraph "58" of the first amended complaint.

59.     Denies the allegations set forth in paragraph "59" of the first amended complaint.

60.     In response to the allegations set forth in paragraph "60" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

61.     Denies the allegations set forth in paragraph "61" of the first amended complaint.

62.     Denies the allegations set forth in paragraph "62" of the first amended complaint.

63.     Denies the allegations set forth in paragraph "63" of the first amended complaint.

64.     In response to the allegations set forth in paragraph "64" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

65.     Denies the allegations set forth in paragraph "65" of the first amended complaint.

66.     Denies the allegations set forth in paragraph "66" of the first amended complaint.

67.     Denies the allegations set forth in paragraph "67" of the first amended complaint.

68.     Denies the allegations set forth in paragraph "68" of the first amended complaint.

69.     In response to the allegations set forth in paragraph "69" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

70.     Denies the allegations set forth in paragraph "70" of the first amended complaint.

71.     Denies the allegations set forth in paragraph "71" of the first amended complaint.

72.     Denies the allegations set forth in paragraph "72" of the first amended complaint.

73.     Denies the allegations set forth in paragraph "73" of the first amended complaint.

74.     In response to the allegations set forth in paragraph "74" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

75.     Denies the allegations set forth in paragraph "75" of the first amended complaint.

76.     Denies the allegations set forth in paragraph "76" of the first amended complaint.

77.     Denies the allegations set forth in paragraph "77" of the first amended complaint.

78.     Denies the allegations set forth in paragraph "78" of the first amended complaint.

79.     Denies the allegations set forth in paragraph "79" of the first amended complaint.

80.     In response to the allegations set forth in paragraph "80" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

81.     Denies the allegations set forth in paragraph "81" of the first amended complaint.

82.     Denies the allegations set forth in paragraph "82" of the first amended complaint.

83.     Denies the allegations set forth in paragraph "83" of the first amended complaint.

84.     Denies the allegations set forth in paragraph "84" of the first amended complaint.

85.     In response to the allegations set forth in paragraph "85" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

86.     Denies the allegations set forth in paragraph "86" of the first amended complaint.

87.     Denies the allegations set forth in paragraph "87" of the first amended complaint.

88.     Denies the allegations set forth in paragraph "88" of the first amended complaint.

89.     Denies the allegations set forth in paragraph "89" of the first amended complaint.

90.     In response to the allegations set forth in paragraph "90" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

91.     Denies the allegations set forth in paragraph "91" of the first amended complaint.

92.     Denies the allegations set forth in paragraph "92" of the first amended complaint.

93.     Denies the allegations set forth in paragraph "93" of the first amended complaint.

94.     Denies the allegations set forth in paragraph "94" of the first amended complaint.

## FIRST AFFIRMATIVE DEFENSE:

95.     The first amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

96.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

97.     Defendant Police Officer Donald Hook has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

- 11 -

**FOURTH AFFIRMATIVE DEFENSE:**

98.     At all times relevant to the acts alleged in the first amended complaint, defendant Police Officer Donald Hook acted reasonably in the proper and lawful exercise of his discretion. Therefore, he is entitled to immunity on state law claims.

**FIFTH AFFIRMATIVE DEFENSE:**

99.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

**SIXTH AFFIRMATIVE DEFENSE:**

100.    This action is barred in whole or in part by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE:**

101.    To the extent that the first amended complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, by plaintiff's failure to comply with the requirements of N.Y. GEN. MUN. LAW § 50-(e), (h) or (i).

**EIGHTH AFFIRMATIVE DEFENSE:**

102.    Plaintiff provoked any incident.

**NINTH AFFIRMATIVE DEFENSE:**

103.    There was probable cause for plaintiff's arrest and detention.

**TENTH AFFIRMATIVE DEFENSE**

104.    Punitive damages cannot be received against any defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

105.     Punitive damages cannot be awarded against Police Officer Donald Hook in his official capacity.

**TWELFTH AFFIRMATIVE DEFENSE**

106.     Punitive damages cannot be awarded against the City of New York.


**WHEREFORE,** defendant Police Officer Donald Hook requests judgment dismissing the first amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.


Dated:          New York, New York
                December 6, 2017


                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for Defendants City of New York, Fuentes,*
                                    *Garcia, and Hook*
                                    100 Church Street, Room 3-201
                                    New York, New York 10007
                                    (212) 356-2409

                                    By:          /s/
                                    _____
                                    GEOFFREY M. STANNARD
                                    *Assistant Corporation Counsel*